UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK (Sr.),<br><br>    Plaintiff,<br><br>    v.<br><br>GF CARNEROS TENANT, LLC dba CARNEROS RESORT AND SPA,<br><br>    Defendant. | Case No. 19-cv-03583-JSC<br><br>**ORDER RE: MOTION TO DISMISS**<br><br>Re: Dkt. No. 20 |

Peter Strojnik brings this action for injunctive relief and monetary damages against GF Carneros Tenant, LLC dba Carneros Resort and Spa.[1]  Mr. Strojnik alleges (1) a violation of the Americans with Disabilities Act ("ADA"); (2) violation of California's Unruh Act, Cal. Civ. Code §§51-52; (3) violation of the California Disabled Persons Act, Cal. Civ. Code §§ 54-54.3 ("DPA"); and (4) a negligence claim.  Now pending before the Court is Carneros Resort's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). After consideration of the parties' briefing and having had the benefit of oral argument on November 7, 2019, the Court DENIES Carneros Resort's motion to dismiss as Mr. Strojnik has sufficiently pled that he has standing to bring this suit.

**BACKGROUND**

**A. Complaint Allegations**

Mr. Strojnik is a disabled person as defined by the ADA. (Complaint at ¶¶ 2, 11.)[2] In particular, Mr. Strojnik is "legally disabled by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer" and

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 7 and 15.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

"degenerative right knee." (*Id.* at ¶ 3.) Mr. Strojnik planned to visit "California Wine Country" and on or around April 18, 2019 reviewed hotel booking websites. (*Id.* at ¶ 15 and pp. 13, 16, 17, 18.) When perusing third-party booking websites, such websites "failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs." (*Id.* at ¶ 17.) In addition, the third-party sites "failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms." (*Id.* at ¶ 18.) Mr. Strojnik alleges the same issues with information related to accessibility when he accessed Carneros Resort's first party booking website. (*Id.* at ¶ 19, 20.) He also relied on online information and photos on the third-party website and Carneros Resort's website to conclude that the hotel has barriers to accessibility. (*Id.* at ¶ 21, 22.) Because the violations "relate to Plaintiff's disability and interfere with Plaintiff's full and complete enjoyment of the hotel," he opted to book a room at a different hotel. (*Id.* at ¶ 24-25.) Carneros Resort's "failure to remove accessibility barriers prevented Plaintiff from equal access to the Defendant's public accommodation." (*Id.* at ¶ 27.) Included in Mr. Strojnik's complaint are photos and descriptions of various barriers to access taken of Carneros Resort. (*Id.* at 18-33.)

**B. Procedural Background**

Mr. Strojnik filed the Complaint against Carneros Resort on June 20, 2019, alleging violations of (1) the ADA, (2) the Unruh Act, (3) the California Disabled Persons Act, and (4) negligence based on Carneros Resort's failure to accommodate his disability.

In his initial complaint, Mr. Strojnik did not properly name the Defendant, and thus, filed a First Amended Complaint on August 13, 2019 (Dkt No. 1; No. 9.) Carneros Resort answered the First Amended Complaint on September 20, 2019 and a week later filed the underlying motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (Dkt. Nos. 13; 20.) The motion is fully briefed.

**LEGAL STANDARD**

Pursuant to Rule 12(b)(1), a district court must dismiss an action if it lacks jurisdiction over the subject matter of the suit. *See* Fed. R. Civ. P. 12(b)(1). "A party invoking federal jurisdiction has the burden of establishing that it has satisfied the 'case-or-controversy'

2

requirement of Article III of the Constitution [and] standing is a 'core component' of that requirement." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "The doctrine of standing asks whether a litigant is entitled to have a federal court resolve his grievance." *Kowalski v. Tesmer,* 543 U.S. 125, 128 (2004). "[T]he Supreme Court has instructed [the court] to take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits are the primary method of obtaining compliance with the act." *Doran v. 7-Eleven, Inc.,* F.3d 1034, 1039 (9th Cir. 2008) (internal quotation marks omitted).

## DISCUSSION

Carneros Resort moves to dismiss for lack of subject matter jurisdiction insisting that Mr. Strojnik does not have standing. The standing analysis considers whether the plaintiff has demonstrated (1) an injury in fact that is (a) concrete and particularized and (b) actual or imminent; (2) causation; and (3) a likelihood that a favorable decision will redress the injury. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). Carneros Resort makes a facial attack on Mr. Strojnik's complaint as it is not challenging the truth of the complaint's allegations, but instead argues that the allegations are "insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004) (internal quotation marks omitted). As such, allegations of the complaint are taken as true and construed in the light most favorable to the complaining party. *Levine v. Vilsack,* 587 F.3d 986, 991 (9th Cir. 2009).

Carneros Resort contends that Mr. Strojnik's allegations do not satisfy the injury-in-fact requirement. Its argument is defeated by *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust,* 867 F.3d 1093, 1098-1099 (9th Cir. 2017). There, the Ninth Circuit held in an ADA access case:

> The Named Plaintiffs have alleged in the First Amended Complaint that they intend to visit the relevant hotels, but have been deterred from doing so by the hotels' noncompliance with the ADA. They further allege that they will visit the hotels when the non-compliance is cured. Thus, the ADA violations have prevented them from staying at the hotels. Without such averments, they would lack standing. However, "construing the factual allegations in the complaint in favor of the plaintiffs," as we must at this preliminary stage, we conclude that the Named Plaintiffs have sufficiently alleged injury in fact. Their harm is "concrete and particularized," and their intent to visit the hotels once they provide equivalent shuttle service for the disabled renders their harm "actual or imminent, not conjectural or hypothetical."

3

*Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1099 (9th Cir. 2017). Here, as described above, Mr. Strojnik similarly alleges that he intends to visit the defendant hotel but has been deterred from doing so by what he alleges constitutes the hotel's noncompliance with the ADA. He also alleges that he will visit the hotel when the non-compliance is cured. Plaintiff has therefore alleged standing sufficient to withstand a facial standing attack.

Carneros Resort nonetheless insists that Mr. Strojnik cannot demonstrate an injury because Mr. Strojnik has not demonstrated a genuine intent to return to the hotel. Its argument, however, requires the Court to disregard the Ninth Circuit's command that it accept Plaintiff's allegations as true. *Civil Rights Educ. & Enf't Ctr.*, 867 F.3d at 1099. If Carneros Resort was making a factual attack on standing the Court would not have to accept Mr. Strojnik's factual allegations. *See Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). But Carneros Resort's motion is a facial attack on standing on which the Court is required to draw all reasonable inferences from the alleged facts in Mr. Strojnik's favor.

At oral argument Carneros Resort also appeared to argue that Mr. Strojnik had not encountered or been made aware of any ADA violations. But to accept this argument the Court would again have to violate the directive that it construe the allegations of the complaint in Mr. Strojnik's favor. He specifically alleges the online reservation systems failed to identify the hotel's accessibility and contends that this omission is an ADA violation. He also identifies what he contends are other barriers to access. At this stage, Carneros Resort has not proved that drawing all factual inferences in Mr. Strojnik's favor, he has not sufficiently alleged that he became aware of accessibility barriers.

## CONCLUSION

For the reasons stated above, the Court DENIES Carneros Resort's motion to dismiss. This Order disposes of Docket No. 20.

**IT IS SO ORDERED.**

Dated: November 13, 2019

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4